**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37555**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2010 Unpublished Opinion No. 750 |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 21, 2010** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SIERRA DAWN GRACE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction and sentence for possession of methamphetamine, affirmed.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge, GRATTON, Judge
and MELANSON, Judge

_____

PER CURIAM

        Sierra Dawn Grace appeals from the judgment entered upon her conditional guilty plea to possession of methamphetamine. On appeal, Grace challenges the denial of her motion to suppress. Specifically, she argues that the district court made a clearly erroneous factual finding that Grace voluntarily consented to a search of her purse. The incident in question occurred after Officer Ken Rivers approached Grace and sought to determine if she had any connection to a fight that had been called in. In addition to questioning Grace about any involvement in the fight, Officer Rivers requested verification of identification and requested permission to search Grace's purse. Grace responded "Sure" to the request for search of her purse, handed her purse

1

to the officer adding, "I don't see why you have to do this though . . . ." Officer Rivers discovered a pipe containing methamphetamine residue in the purse.

Whether a consent to a search was voluntary is a question of fact, the determination of which is reviewed on appeal for clear error. *State v. Reynolds*, 146 Idaho 466, 472, 197 P.3d 327, 333 (Ct. App. 2008); *State v. Stewart*, 145 Idaho 641, 648, 181 P.3d 1249, 1256 (Ct. App. 2008). "Findings will not be deemed clearly erroneous if they are supported by substantial evidence in the record." *Stewart*, 145 Idaho at 648, 181 P.3d at 1256 (quoting *State v. Jaborra*, 143 Idaho 94, 98, 137 P.3d 481, 485 (Ct. App. 2006)).

The voluntariness of an individual's consent is a question of fact to be determined based upon the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248-49 (1973); *State v. Varie*, 135 Idaho 848, 852, 26 P.3d 31, 35 (2001). In order to be valid, consent cannot be the result of duress or coercion, either direct or implied. *Schneckloth*, 412 U.S. at 248. The mere presence of officers asking for consent to search is not sufficient, as a matter of law, to constitute improper police duress or coercion. *See United States v. Watson*, 423 U.S. 411, 424-25 (1976). Instead, the court must consider all of the surrounding circumstances and find consent involuntary only if "coerced by threats or force, or granted only in submission to a claim of lawful authority . . . ." *State v. Hoisington*, 104 Idaho 153, 158, 657 P.2d 17, 22 (1983) (quoting *Schneckloth*, 412 U.S. at 233).

The district court found that the state met its burden of proving that Grace voluntarily consented to the search of her purse.

> Here, it is clear that consent to search was freely given by Grace. Rivers asked Grace if he could search her purse. Grace replied "Sure" and handed her purse to Rivers. At no time did Grace tell Rivers he could not search her purse or withdraw consent in any other way. The Court finds as a fact that Grace's questioning of why Rivers had to search her purse as she handed it to him did not act as withdrawal of her consent. The act of handing Rivers the purse and her response were an unequivocal consent to search. Grace's consent is further evidenced by her holding items from her purse as it was being searched when asked and her later statement that she wouldn't have let Rivers go through her purse if she knew there was anything in it.
>
> No threats were made by Rivers towards Grace if she did not consent to the search of her purse. Though Rivers was initially accompanied by another officer, [Rivers] was the only officer conducting the search. Further the questions asked by Rivers regarding Grace's permission to search her purse allowed Grace adequate opportunity to reject his requests. The tone of voice used by Rivers during the encounter was [calm] and unthreatening. As such, the act of handing

2

her purse to Rivers and her response of "Sure" constituted adequate consent to search by Grace. *See State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991) (consent to search may be in the form of words, gestures, or conduct).

On appeal, Grace argues that "the district court made a clearly erroneous factual finding that Ms. Grace voluntarily consented to a search of her pur[se]." She focuses exclusively on the fact that, while the officer was searching her purse, Grace stated, "I don't see why you have to do this, though . . . ." Grace's reliance on this single statement, to the exclusion of all of the other facts in the record, does not show clear error in the district court's determination that Grace's consent was voluntary. Substantial evidence supports the district court's finding, based on the totality of the circumstances, that Grace voluntarily consented to the search of her purse. Grace has failed to show error in the denial of her motion to suppress. Accordingly, Grace's judgment of conviction for possession of methamphetamine is affirmed.